1  MCLAIN PC
2  ERIK MCLAIN SBN 219008
   114 PACIFICA, SUITE 280
3  IRVINE, CA 92618
   Telephone: (949) 500-2818
4
5  Attorneys for Plaintiffs
   KARL FERRIS and OPTIVE MARKETING
6
                     **UNITED STATES DISTRICT COURT**
7
                    **CENTRAL DISTRICT OF CALIFORNIA**
8
9   KARL FERRIS, an individual; OPTIVE          Case No.: 2:15-cv-186
    MARKETING, INC., a Minnesota
    Corporation,                                COMPLAINT FOR:
10
    Plaintiffs,                                 **1.) COPYRIGHT INFRINGEMENT**
11                                              **(17 U.S.C. § 101, ET. SEQ.);**
    v.
12
    CENTRAL MILLS, INC., d/b/a FREEZE,          **2.) FALSIFICATION, REMOVAL**
13  a New York Corporation; A.V.E.L.A.,         **AND ALTERATION OF**
    INC., a Nevada Corporation; LEO             **COPYRIGHT MANAGEMENT**
14  VALENCIA, an individual; and DOES 1-        **INFORMATION;**
    10, INCLUSIVE;
15
    Defendants.                                 **3.) VIOLATION OF CALIFORNIA**
16                                              **BUSINESS & PROFESSIONS CODE**
                                                **§17200;**
17
                                                **4.) INTENTIONAL INTERFERENCE**
18                                              **WITH PROSPECTIVE ECONOMIC**
                                                **ADVANTAGE;**
19
20                                              **5.) UNFAIR COMPETITION**
21
22                                              **DEMAND FOR JURY TRIAL**
23
24
25        Plaintiffs  KARL FERRIS, an individual; and OPTIVE MARKETING, INC., a
26  Minnesota Corporation, allege the following based on information and belief:
27
28
                                        1

## PARTIES

1.  Plaintiff KARL FERRIS ("FERRIS") is, and at all times relevant hereto was, a an individual and photographer with the legal and/or beneficial ownership of all copyrights, commercial use and merchandising rights, publicity rights and related rights associated with the photographs and images that are the subject of this Complaint.

2.  Plaintiff OPTIVE MARKETING, INC. ("OPTIVE") is, and at all times relevant hereto was, a corporation duly organized and existing under the laws of Minnesota.  At all times relevant to this Complaint, OPTIVE was KARL FERRIS' exclusive licensing agent for merchandise bearing the FERRIS Intellectual Property.

3.  Plaintiffs are informed and believe, and on that basis, allege that Defendant CENTRAL MILLS d/b/a FREEZE ("FREEZE") is a corporation organized and existing pursuant to New York Law and regularly conducts business online, and within the jurisdictional locale of Los Angeles, CA.  Moreover, Defendant FREEZE has established sufficient minimum contacts within the locale of Los Angeles, CA such that venue is proper in this Court.

4.  Plaintiffs are informed and believe that Defendant FREEZE is in the business of manufacturing, marketing and distributing apparel based on, among other things, classic and current television programming and/or musical categories.

5.  Plaintiffs are informed and believe, and on that basis, allege that Defendant A.V.E.L.A. is a corporation organized and existing pursuant to Nevada Law and regularly conducts business online, and within the jurisdictional locale of Los Angeles, CA. Moreover, Defendant A.V.E.L.A. has established sufficient minimum contacts within the locale of Los Angeles, CA such that venue is proper in this Court.

6.     Plaintiffs are informed and believe, and on that basis, allege that Defendant LEO VALENCIA is the principal Owner of A.V.E.L.A. and an individual residing within the jurisdictional locale of this Court within the State of California.

7.     Plaintiffs are ignorant of the true names, capacities, and bases for liability of Defendants DOES 1 through 10, inclusive, and therefore sue said Defendants by their fictitious names.   Plaintiffs will amend this Complaint to allege their true names, capacities, or bases for liability when the same has been ascertained.   Plaintiffs are informed and believe, and thereon alleges, that Defendants, DOES 1 through 10, inclusive, and each of them, are in some manner liable to Plaintiffs.

8.     At all times relevant to this action, each Defendant, including those fictitiously named, was the agent, servant, employee, partner, joint venturer, or surety of the other Defendants, and was acting within the scope of said agency, employment, partnership, venture, in doing the things alleged herein.

**JURISDICTION AND VENUE**

9.     These claims arise under the Copyright Act of 1976, 17 U.S.C. Section 101, *et. seq.* (the "Copyright Act"), California Business & Professions Code Section 17200; and the state law of unfair competition.

10.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331 (federal question), and 15 U.S.C. Sections 1331 and 28 U.S.C. Section 1338 (jurisdiction for copyright and trademark actions).   In addition, the Court has supplemental jurisdiction over all claims pleaded under state law pursuant to 28 U.S.C. Section 1367.

11.   This Court has personal jurisdiction over each and every one of the Defendants, as each and every one of the Defendants has maintained systemic contact with

the State of California and committed acts that have caused tortious injury in this Judicial District.  Moreover, based upon information and belief, Defendant VALENCIA resides within the State of California within this Judicial District.

12.  Each and every one of the Defendants has conducted business in California through direct catalogue solicitations, directly in and through retail establishments (such as Target), and through the easy availability of each and every one of Defendants' products in the State of California.  In conducting their business in California, each and every one of the Defendants has caused injury by an act and/or series of acts performed in California.

13.  Venue as related to Defendants is proper in this Court pursuant to 28 U.S.C. Section 1391 (a) and (b).  Since each and every one of the Defendants is subject to personal jurisdiction in this Judicial District, Defendants reside in this Judicial District for purposes of 28 U.S.C. Section 1391.

## FACTUAL BACKGROUND & PLAINTIFFS' INTELLECTUAL PROPERTY

14.  Plaintiff KARL FERRIS is an English photographer/designer who has been best known as the principal innovator of psychedelic photography and a photographer of British Rock Elite such as Eric Clapton, Cream, Donovan, and more specifically Jimi Hendrix.  FERRIS is a world-renowned photographer who has obtained independent notoriety and recognition for his extensive work and commissions associated with such iconic artists as Jimi Hendrix, Eric Clapton, Paul McCartney, Graham Nash, Pink Floyd, and John Lennon.

15.  In or about 1967, FERRIS was introduced to singer/guitarist Jimi Hendrix through the musician Chas Chandler.  At that time, Hendrix was impressed with FERRIS' photography and requested FERRIS to be his photographer and to shoot the cover of the

album, "Are You Experienced."  At that time, FERRIS shot numerous photographs which ultimately became the cover art and back cover art for the album "Are You Experienced."

16.     Plaintiff FERRIS owned the copyrights to these images pursuant to English law based upon the first publication/display in 1967.  These group of photographs were first published in the June 4, 1967 Saville Theatre Programme as promotion for Jim Hendrix's upcoming performance.

17.     FERRIS owns, holds and/or possesses exclusive rights including but not limited to copyrights in and to the collective work of the June 4, 1967 Saville Theater Program comprised of the photographs known as 1.) Are You Experienced Front Cover; 2.) Are You Experienced Back Cover; 3.) Electric Ladyland Left Side Gatefold Cover; and 4.) Electric Ladyland Right Side Gatefold Cover  (Collectively, the "Photographs.)

18.     Plaintiff FERRIS has obtained copyright registration indexed under the title "The Jimi Hendrix Experience Front Cover" for each and every photograph mentioned in paragraph 17 as U.S. Copyright registration number: VA0001649955.

19.     OPTIVE, as the exclusive agent for FERRIS' Intellectual Property owns, holds and/or possesses exclusive publicity and licensing rights to the likeness of the copyrighted images of FERRIS.  As a result of the success and popularity of the Copyrighted images and the substantial time, money and effort that has been expended to promote them, merchandise based on the images has been widely sold and distributed in the United States and elsewhere.  Such merchandise has been identified by various images and emblematic of the photographs which take on secondary meaning.  Thus a significant number of the consuming public associates these images with KARL FERRIS.

20.     The FERRIS' intellectual property and specifically the copyrighted images

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

continue to be highly profitable properties for purposes of merchandise and apparel licensing.   Under applicable licensing agreements, apparel is widely available to the general public through various retail outlets.   These apparel products are manufactured under strict quality control and style approval.

21.   Plaintiffs have not granted to Defendants any right to use Plaintiffs' Intellectual Property.  In particular, Plaintiffs have not granted to Defendants any right to use the following incorporated photograph (Hendrix image itself) which remains the Intellectual Property of Plaintiffs pursuant to copyrights and copyright registration:



**DEFENDANTS' INFRINGING ACTS**

22.     Defendant AVELA is a company that, on information and belief, purports to license imagery for use on clothing and other merchandise.  Defendant LEO VALENCIA is an officer, employee, director, shareholder, authorized agent, and/or alter ego of AVELA and solely controls its affairs.  Both AVELA and VALENCIA have been, and are, parties to volumes of litigation in which they are accused of violating the copyright rights, trademark rights, rights of publicity and other rights by purporting to grant licenses for which they do not hold the Intellectual Property rights to grant.  A cursory "google" search reveals several litigation matters with AVELA relating to the rights of Bob Marley, Bruce Lee, Marilyn Monroe, Gone With the Wind, Wizard Of Oz, Betty Boop, and others.

23.     Based upon information and belief, Defendant FREEZE is a company that manufactures, designs, distributes and sells clothing to retail companies throughout the United States and worldwide.  Defendant FREEZE regularly conducts business with Defendant AVELA and has also been involved in litigation whereby both FREEZE and AVELA were alleged to have infringed upon the Intellectual Property rights of others.  Based upon further information and belief, FREEZE despite the knowledge that AVELA licensed the copyrighted images without any authority to do so, sold T-shirts bearing the FERRIS Intellectual Property under the guise of this false license.

24.     Defendant FREEZE also previously conducted business with Plaintiff OPTIVE and is fully aware that OPTIVE holds the license to the FERRIS' images.  Despite this knowledge, FREEZE willfully and intentionally sold the T-shirts without a valid license.

25.     Although AVELA and VALENCIA do not hold any legal rights to the Intellectual Property of FERRIS and more particularly, the copyrighted images, based upon information and belief, at sometime in or about late 2014, AVELA purported to license the image to Defendant FREEZE.  Based upon further information and belief, FREEZE knew that AVELA and VALENCIA did not have the right to license the images.  Based upon information and belief, FREEZE knew that AVELA did not possess these rights because:  1.) FREEZE and AVELA had been in prior litigation together involving infringement; 2.) FREEZE had actual knowledge that OPTIVE was the exclusive licensing agent for the image and FERRIS photographs of Jimi Hendrix; and 3.) FREEZE intentionally altered the copyright information associated with the T-shirt.

26.     In or about September or October 2014, FREEZE entered into an agreement with Target retailer to manufacture, distribute and sell T-shirts depicting the FERRIS copyrighted materials.  The T-shirt was subsequently sold in Target retail stores at a price of $14.99 per shirt.  An image of the T-shirt is shown below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19        27.     The T-shirt, which was an unauthorized design and use of the FERRIS image,

20  was manufactured by FREEZE.  The T-shirt also included an inaccurate copyright notice

21  which stated the T-shirt was "distributed by "Hollywood Legends" © 1985 all rights

22  reserved."  Duly licensed and authorized apparel by OPTIVE and/or FERRIS regularly

23  contain the copyright notice of "© Karl Ferris under license to OPTIVE MARKETING."

24  Based upon information and belief, the altered copyright notice by FREEZE was an

25  intentional and willful effort to mislead the retailer and the consumer public.

26
27
28

28.     Upon discovery of the infringing T-shirts, OPTIVE immediately notified FREEZE to cease and desist of continued sales of the T-shirt.  FREEZE, despite actual knowledge to the contrary, asserted that it possessed a valid license from AVELA in connection with the T-shirt.

29.     By continuing to design, manufacture, distribute, license, and/or sell the infringing merchandise and images, Defendants were and are attempting to trade on the goodwill established by Karl Ferris and Optive Marketing in the FERRIS Intellectual Property.

30.     By continuing to design, manufacture, distribute, license, and/or sell the infringing merchandise and images, Defendants' actions constitute a bad faith attempt to profit from the registered rights owned by Plaintiffs.

31.     Upon information and belief, Defendants' continued design, manufacture, sale, distribution, license, and/or marketing of the infringing merchandise constitutes federal Copyright infringement, unfair competition, and intentional interference with prospective economic advantage.

32.     Upon information and belief, Defendants did not believe and had no reasonable grounds to believe that the design, marketing, distribution, license, or sale of the infringing merchandise was a fair use or otherwise lawful.

## FIRST CAUSE OF ACTION

**(Copyright Infringement Pursuant to 17 U.S.C. § 101, et. seq. – against all Defendants)**

33.  PLAINTIFFS incorporate herein by reference, as though fully set forth below, each and every previous and subsequent paragraph of this Complaint.

34.  This claim arises under the Copyright Act of 1976, 17 U.S.C. § 101, et. seq.

35.  FERRIS is the lawful owner and registrant of the copyrights registered under United States Copyright Office number VA0001649955.   The photographs are wholly original and constitute copyrightable subject matter under the Copyright Act.

36.   At all times relevant to this Complaint, the copyrights were and are owned by Plaintiffs.  The Defendants have infringed and contributorily infringed the copyrights to the FERRIS images.

37.     By without limitation, licensing, marketing, designing, manufacturing, reproducing, advertising, displaying, selling, distributing, and otherwise exploiting merchandise featuring the FERRIS Intellectual Property, Defendants have infringed and will continue to infringe Plaintiffs' copyright interests.

38.     Defendants' infringing acts were, and continue to be, committed willfully and knowingly.

39.     Due to the voluntary and willful nature of Defendants' wrongful acts, Plaintiffs have suffered and will continue to suffer injury and damage in an amount to be determined at trial.  Furthermore, Plaintiffs are informed and believe, and based thereon allege, that Defendants have received or will receive profits, gains, or other benefits from their infringing activities, all of which is demanded to be disgorged to Plaintiffs.  In the alternative, Plaintiffs reserve the right to seek statutory damages for Defendants' intentional infringement of their copyrighted works.

40.     Defendants' infringement of Plaintiffs' copyrighted works has caused and will cause irreparable harm to Plaintiffs which cannot be fully compensated by money.  Plaintiffs have no adequate remedy at law.  Plaintiffs are therefore entitled to preliminary and

permanent injunctive relief, preventing Defendants from continuing to infringe Plaintiffs' copyrighted works.

41.     Plaintiffs have and will incur attorneys' fees in pursuing this action, which Plaintiffs demand as recovery from Defendants.

## SECOND CAUSE OF ACTION

**(Falsification, Removal and Alteration of Copyright Management Information in Violation of 17 U.S.C. §1202 --- Against Defendant Central Mills d/b/a FREEZE and DOES 1-10)**

42.  Plaintiffs incorporate herein by reference, as though fully set forth below, each and every previous and subsequent paragraph of this Complaint.

43.  FERRIS and OPTIVE MARKETING regularly include a copyright notice, and require all licensees to include a copyright notice, that states "© Karl Ferris Under License to Optive Marketing, Inc."  This notice accurately identifies Karl Ferris as the copyright holder and or the organization with which Ferris was associated.

44.     Defendants have removed all references to Karl Ferris and Optive Marketing from the image sold to Target and others.

45.     In place of Ferris and/or Optive's copyright notice, Defendants have presented false, altered, inaccurate, and intentionally misleading copyright notice information that purports to identify Hollywood Legends which has no copyright ownership interest and a false year of 1985.  Both the year and the purported owner are false.

46.     Defendants' falsification, removal and alteration of the copyright notice information was made without the knowledge or consent of Ferris or Optive.

47.     As a result of Defendants' actions, Plaintiffs have suffered and will continue to suffer injury and damage in an amount to be determined at trial.  Furthermore, Plaintiffs are informed and believe, and based thereon allege, that Defendants have received or will receive profits, gains, or other benefits from their falsification, all of which is demanded to be disgorged to Plaintiffs.  In the alternative, Plaintiffs reserve the right to seek statutory damages for Defendants' intentional violation of 17 U.S.C. Section 1202.

## THIRD CAUSE OF ACTION

### (Violation of California Business & Professions Code Section 17200 Against All Defendants)

48.  Plaintiffs incorporate herein by reference, as though fully set forth below, each and every previous and subsequent paragraph of this Complaint.

49.  Defendants' acts and practices as detailed above constitute acts of unfair competition. Defendants have engaged in an unlawful, unfair or fraudulent business act and/or practice within the meaning of California Business & Professions Code §17200.

50.  Defendants have engaged in an "unlawful" business act and/or practice by engaging in the conduct set forth above. These business acts and practices violated numerous provisions of law, including, *inter alia*, state and federal laws as set forth above.

51.     Through the above-described conduct, Defendants have engaged in an "unfair" business act or practice in that the justification for such actions and the refusal to notify the general public of the true facts, either in the past or presently, based on the business acts and practices described above is outweighed by the gravity of the resulting harm, particularly considering the available alternatives, and/or offends public policy, is immoral, unscrupulous, unethical and offensive, or causes substantial injury to consumers.

52.   By engaging in the above-described conduct, Defendants have engaged in a "fraudulent" business act or practice in that the business acts and practices described above had a tendency and likelihood to deceive the general public.

53.   Pursuant to California Business & Professions Code §17203, Plaintiffs seek a temporary, preliminary and/or permanent order from this Court prohibiting Defendants from refusing to continue to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and from failing to fully disclose the true facts as set forth herein, and or ordering Defendants or their representatives to stop misleading the public and engage in a corrective campaign, particularly in light of the public misperception created by Defendants' and/or their representatives' misstatements and omissions of material fact, as well as provide appropriate equitable monetary relief as the court deems just and appropriate to all persons with a vested interest therein.

## FOURTH CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Advantage – Against All Defendants)

54.   Plaintiffs incorporate herein by reference, as though fully set forth below, each and every previous and subsequent paragraph of this Complaint.

55.   Based upon information and belief, at the time Defendants adopted and began using the Ferris/Optive Intellectual Property and since that time, Defendants knew and have known that Plaintiffs are the sole entities with the right and authority to use the Ferris Intellectual Property in commerce.

56.   Defendants committed acts intended or designed to disrupt Plaintiffs' prospective economic advantage arising from advertising, marketing, licensing, selling, or

distributing the Ferris images by placing goods in mass market retailers (such as Target) thus lessening the exclusivity of the merchandise/apparel and lowering the price point available for the official Ferris/Optive approved merchandise.

57.     Defendants actions have disrupted or are intended to disrupt Plaintiffs' business by, among other things, diverting customers away from genuine authorized products bearing the Ferris/Optive Intellectual Property to Defendants' unauthorized products bearing the same.

58.     Defendants have no legal right, privilege or justification for their conduct.

59.     As a direct and proximate result of Defendants' intentional interference with Plaintiffs' prospective economic advantage, Plaintiffs have suffered and will continue to suffer monetary damages and irreparable injury.

60.     Based on the intentional, willful and malicious nature of Defendants' actions, Plaintiffs are entitled to recover exemplary and punitive damages against Defendants.

## PRAYER FOR RELIEF:

**WHEREFORE** PLAINTIFFS pray for judgment against Defendants, and each of them, as follows:

1.     An injunction enjoining Defendants (preliminarily and permanently) from future use of the Ferris Intellectual Property, including but not limited to the copyrights registered as number VA0001649955  and from falsifying, removing or altering the accurate copyright notice for Karl Ferris and/or Optive Marketing, Inc.

2.     An Order directing the immediate and complete surrender of any and all merchandise, designs, plans, marketing materials, advertisements, conceptual, etc. featuring the Ferris Intellectual Property, including but not limited to the copyrights registered as VA0001649955;

3.    Ordering an accounting and entering judgment for Plaintiffs and against each Defendant for: All profits, gains, or revenues received by any of the Defendants from the licensing, designing, marketing, distribution or sale of the Ferris Intellectual Property, and from the falsification, removal and alteration of the copyright information, as provided by 17 U.S.C. §504 (b) and 1203 (c); and

4.    An award of all damages owed to Plaintiff as prescribed by law in an amount to be proven at trial;

5.    An award of treble damages, punitive damages, costs of suit, prejudgment interest, and attorneys' fees; and

6.    In the alternative, at the election of Plaintiffs, awarding statutory damages against each Defendant in an amount equal to $150,000 per copyrighted work as a result of copyright infringement for each work infringed by such Defendant, as provided for in 17 U.S.C. § 504 and in an amount up to $25,000 per violation of 17 U.S.C. §1202;

7.    For such other and further relief as the Court deems equitable and proper

Dated: January 5, 2015

                                        McLAIN PC


                                   By: /s/ Erik McLain
                                        Erik McLain

                                        Attorneys for Plaintiffs
                                        KARL FERRIS & OPTIVE
                                        MARKETING, INC.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF